```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                      TAMPA DIVISION
```

RAVI KUMAR,

    Plaintiff,
v.                                  Case No. 8:13-cv-2205-T-33TGW

CHASE BANK, N.A., ET AL.,

    Defendants.
_____/

## **ORDER**

This matter comes before the Court sua sponte. The Court determines that it lacks subject matter jurisdiction over this matter and thus dismisses this action pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

## I. **Background**

On August 27, 2013, Ravi Kumar filed a pro se action against Chase Bank, N.A., Bank of America, N.A., GMAC Mortgage, Wells Fargo Bank, N.A., and Does 1-20. (Doc. # 1). The factual allegations, although voluminous, do not shed light on Kumar's grievances. The Court surmises from its careful evaluation of the Complaint that Kumar has been threatened with foreclosure as to four properties located in St. Petersburg, Florida.

In count one Kumar seeks declaratory relief against all Defendants, in count two Kumar seeks an accounting against all Defendants, in count three Kumar alleges a breach of the

implied covenant of good faith and fair dealing, in count four Kumar alleges a breach of fiduciary duty, in count five Kumar alleges unjust enrichment, and in count six Kumar alleges unconscionability.[1]

## II. Jurisdictional Discussion

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985); Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale, 922 F.2d 756, 759 (11th Cir. 1991) (stating "every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based").

Moreover, federal courts are courts of limited jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). And "because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a

---

[1] Although Kumar specifies that counts one and two are asserted against all Defendants, Kumar fails to link counts three through six to the conduct of any particular Defendant.

2

case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." <u>Smith v. GTE Corp.</u>, 236 F.3d 1292, 1299 (11th Cir. 2001).

The Complaint is devoid of jurisdictional allegations. The Court notes that the Complaint does not describe the citizenship of any of the parties, and does not state the amount in controversy. Furthermore, while the Complaint makes reference to various federal statutes, such as the Truth in Lending Act, the Complaint does not seek relief under any federal law nor does the Complaint seek an Order interpreting any federal law. The mere mention of a federal statute in a complaint does not create federal question jurisdiction. <u>Hill v. Marston</u>, 13 F.3d 1548, 1550 (11th Cir. 1994). Rather, federal question jurisdiction requires that a party assert a substantial federal claim. <u>Hagans v. Lavine</u>, 415 U.S. 528, 536 (1976); <u>see also</u> <u>Baker v. Carr</u>, 369 U.S. 186, 199 (1962)(holding that if jurisdiction is based on a federal question, the plaintiff must show that he has alleged a claim under federal law that is not frivolous).

Although the Court has construed the Complaint broadly due to Kumar's pro se status, the Court comes to the ultimate conclusion that it lacks subject matter jurisdiction over this

3

case. The Complaint is comprised of five state law claims and lacks any allegations which could lead to a finding of diversity jurisdiction. In addition, the Complaint does not present a federal question. The Court thus dismisses the case.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) This case is dismissed for lack of subject matter jurisdiction.

(2) The Clerk is directed to close the case.

**DONE** and **ORDERED** in Tampa, Florida, this <u>28th</u> day of August, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:   All Parties of Record

4